**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0351-17T4

YA GLOBAL INVESTMENTS,
LP,

       Plaintiff-Respondent,

v.

RAINIER GONZALEZ, PACER
HEALTH CORPORATION, PACER
ECI, LLC, Ei3 ENERGY, LLC,
PACER HEALTH STAFFING, INC.,
PACER STAFFING, INC., BRICK
MOUNTAIN BILLING, INC., BRICK
MOUNTAIN MEDIA, LLC, 5G
WIRELESS COMMUNICATIONS,
INC., CONNECTED MEDIA
TECHNOLOGIES, INC., EYI
INDUSTRIES, INC., and ICOA, INC.,

       Defendants-Appellants.

_____

Submitted January 24, 2019 – Decided February 19, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-2090-14.

Andrew M. Wolfenson, attorney for appellants.

Sills Cummis & Gross, PC, and Bressler, Amery & Ross, PC, attorneys for respondent (Joshua N. Howley and William R. Tellado, on the brief).

PER CURIAM

In this commercial dispute, defendants appeal from an April 21, 2017 amended order, granting summary judgment in favor of plaintiff YA Global Investments, LP (YAGI), and piercing the corporate veil to impose liability on defendants Rainier Gonzalez (Gonzalez) and Brick Mountain Billing, Inc. (Billing) for the sum of $5,100,000 plus interest. Defendants also appeal from an August 30, 2017 order denying their motion for reconsideration.

Defendants raise the following issues on this appeal:

POINT I

THE COURT COULD NOT FIND THAT THE DEFENDANTS WERE GUILTY OF MAKING FRAUDULENT CONVEYANCES OR THAT THE CORPORATE VEIL COULD BE PIERCED WHERE ALL MONIES RECEIVED BY THE CORPORATE DEFENDANTS WERE USED FOR PROPER BUSINESS PURPOSES.

POINT II

IMPOSITION OF LIABILITY AND A JUDGMENT AGAINST BRICK MOUNTAIN BILLING, LLC, WAS IMPROPER AS THERE WAS NO EVIDENCE PRESENTED THAT BRICK MOUNTAIN BILLING

2

RECEIVED, IMPROPERLY OR OTHERWISE, ANY MONIES FROM THE OTHER DEFENDANTS.

POINT III

THE COURT IMPROPERLY APPLIED THE SUMMARY JUDGMENT STANDARD, AND ITS FINDING REGARDING FRAUDULENT CONVEYANCES AND PIERCING OF THE CORPORATE VEIL WAS INCORRECT AND MUST BE REVERSED.

POINT IV

THE SUPPLIED PROOFS CLEARLY SHOW THAT THE COURT COULD NOT, UNDER THE SUMMARY JUDGMENT STANDARD OR OTHERWISE, FIND THAT THE DEFENDANTS WERE GUILTY OF MAKING FRAUDULENT CONVEYANCES OR THAT THE CORPORATE VEIL SHOULD BE PIERCED.

POINT V

THE COURT ERRED IN ORDERING A JUDGMENT AMOUNT AGAINST THE DEFENDANTS, RAINIER GONZALEZ AND BRICK MOUNTAIN BILLING, INC., WHICH REFLECTED MONIES RECEIVED BY THE OTHER CORPORATE DEFENDANTS AND NOT MONIES ALLEGEDLY PROVIDED TO THEM.

POINT VI

THE COURT'S EXCLUSION OF PAYMENTS MADE BEFORE EXECUTION OF THE LIMITED WAIVER DOCUMENTS MEANS THAT ANY MONIES RECEIVED BY THE CORPORATE DEFENDANTS PRIOR TO THE DOCUMENTS'

3

EXECUTION SIMILARLY CANNOT BE CONSIDERED, THEREBY REDUCING THE POSSIBLE AMOUNT OF ANY JUDG[]MENT WHICH COULD BE ENTERED AGAINST DEFENDANTS, RAINIER GONZALEZ AND BRICK MOUNTAIN BILLING.

After reviewing the record de novo, we find that summary judgment was properly granted. See Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012). We also find no abuse of the trial court's discretion in denying reconsideration. See Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). We affirm for the reasons stated by Judge Robert J. Mega in his comprehensive written opinions issued with the orders on appeal. We decline to address appellant's point VI, because it was not raised in the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234-35 (1973). Defendants' remaining arguments are not supported by the record[1] and are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We add these brief comments.

Gonzalez created and controlled a series of corporations, all of which he treated as one enterprise, and the assets of which he commingled, disregarding any corporate formalities. Gonzalez caused two of the corporations (the Pacer

---

[1] Many of defendants' purported citations to the record either do not support their factual assertions or are references to the transcripts of their attorney's motion arguments, rather than citations to legally competent evidence. See R. 2:6-2(a)(5).

A-0351-17T4

defendants) to borrow tens of millions of dollars from YAGI, and to acquire from YAGI an assignment of several struggling companies that the Pacer defendants committed to turning around financially. At Gonzalez's direction, the Pacer defendants blatantly violated their contracts with YAGI by siphoning off $5.1 million in earnings from one of the purchased companies and using the money for purposes not permitted by the agreements with YAGI. Those contracts were fully integrated documents that could not be varied or amended by alleged oral agreements. Hence, we find no merit in defendants' arguments that someone from YAGI verbally assured them that they could depart from the terms of those contracts, and that YAGI was somehow bound by the terms of a 2010 Pacer Health Corporation Executive Summary that YAGI neither signed nor agreed to in writing.

We also find no merit in defendants' argument that the trial court erred by rendering judgment against Billing, the only one of Gonzalez's corporations that still appeared to be solvent. In response to plaintiff's statement of material facts, defendants admitted that Gonzalez treated all of the "corporate Gonzalez [d]efendants" (a term that included Billing) as one enterprise and commingled their funds; that Billing paid salaries for Gonzalez and his employees; and that

Gonzalez and his two colleagues worked for all of his corporations including Billing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0351-17T4